IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 6 - 2006

GREGO... . C. LANGHAM
CLERK

Civil Action No. 06-cv-01351-ZLW

KENNETH PARRIS,

        Applicant,

v.

ATTORNEY GENERAL,
STATE OF COLORADO, and
WARDEN ABBOTT,

        Respondents.

_____

ORDER DENYING MOTION TO RECONSIDER

_____

On September 21, 2006, and on September 25, 2006, Applicant Kenneth Parris

filed the same document. The document is titled "Request the District Court Judge,

That Adjudicated on This Instant Case, Recluse [sic] Herself, From This Instant Case,

on the Grounds That the United States District Court, Still Does Not Have Jurisdiction of

This Case, Pursuant to Federal Civil Action Rule 12(b)(1)." He also filed a Letter

addressed to Magistrate Judge Boyd N. Boland on September 25, 2006. Upon review

of the Request and the Letter, the Court finds that Applicant is challenging the dismissal

of the instant action. The Court will construe the Request and the Letter together as a

Motion to Reconsider.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed within ten days after the judgment will be considered pursuant to Rule 59(e). *See id.* A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Applicant's Motion to Reconsider was filed more than ten days after the Court's August 21, 2006, Order and Judgment of Dismissal. Therefore, the Motion is construed as filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

In the Motion to Reconsider, Applicant argues that because Magistrate Judge Boyd N. Boland ordered the Clerk of the Court to commence a civil action and instructed him to submit the Application on a proper form a district court judge does not have jurisdiction to dismiss the action before Magistrate Judge Boland determines the merits of the Application. Mr. Parris is incorrect. A federal district court judge has both the jurisdiction and the authority to dismiss a civil action prior to a review of the merits if an applicant fails to comply with a court order.

Applicant claims that he requested a thirty-day extension of time to file his § 2254 on a Court-approved form. The Court finds that Mr. Parris did refer to a thirty-day extension of time in the original document that he submitted to the Court on July 6, 2006. The Court also finds that Applicant was given more than thirty days, from July 12, 2006, the date of Magistrate Judge Boland's Order to Cure, until August 21, 2006,

the date the Order and Judgment of Dismissal was entered on the Court Docket, to file the Application on a Court-approved form.  The Court did not receive any other request for an extension of time to file the Application prior to the dismissal of the action on August 21, 2006.

Applicant also asserts that the reason he failed to comply with Magistrate Judge Boland's July 12 Order was because he inadvertently mailed the Application to the wrong address.  Nonetheless, he fails to provide any evidence that he mailed the Application on either August 3 or 4, 2006, to an incorrect address.

He also indicates that he decided, based on advise from a jailhouse lawyer, to wait for the misdirected forms to be returned to him as opposed to either preparing a new § 2254 application for filing with the Court or requesting an extension of time from the Court to file the Application.  Mr. Parris was informed by Magistrate Judge Boland that if he failed to comply with the Court's July 12, 2006, Order within thirty days the Application would be denied and the action dismissed.  Applicant was aware of the deadline.  His decision to rely on advise from a jailhouse lawyer does not excuse his failure to comply with Magistrate Judge Boland's directive.

Therefore, the Court finds that the Motion should be denied because Applicant fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

Mr. Parris is reminded that the action was dismissed without prejudice.  He may elect to file a new action if he so desires.

To the extent Plaintiff requests that the Court recuse from the instant action, he has not set forth a meritorious reason for recusal.  Plaintiff mistakenly argues, as stated

3

above, that a federal district court judge does not have the authority to dismiss this case. Mr. Parris's argument fails to satisfy the standard for recusal as set forth under 28 U.S.C. §§ 144 and 455. Therefore, Mr. Parris's request for recusal will be denied. Accordingly, it is

ORDERED that Applicant's Request filed on both September 21 and 25, 2006, and the Letter filed September 25, 2006, are construed together as a Motion to Reconsider. It is

FURTHER ORDERED that the Motion to Reconsider is construed as filed pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that Plaintiff's request for recusal is denied.

DATED Denver, Colorado this _5_ day of _____Oct._____, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01351-BNB

Kenneth Parris
Prisoner No. 89572
CTCF
PO Box 1010
Canon City, CO 81215- 1010

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on ____ 10.6.06 ____

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk