IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01351-ZLW

KENNETH PARRIS,

    Applicant,

v.

ATTORNEY GENERAL,
STATE OF COLORADO, and
WARDEN ABBOTT,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 2 2006

GREG        NGHAM
      CLERK

ORDER DENYING SECOND MOTION TO RECONSIDER

Applicant Kenneth Parris, on October 23, 2006, filed two documents, one titled "Response to 'Order and Judgement [sic] of Dismissal' " and the other titled "Response to Order Denying Motion to Reconsider." In both Responses, Mr. Paris again asks the Court to reconsider and vacate the Order and Judgment of Dismissal filed on August 21, 2006. Applicant also filed a document titled "Request Enlargement of Time, Pursuant to, FRCVP 5(a)." In the Request, Applicant asks that he be granted a ninety-day enlargement of time in which to obtain counsel to assist him in the instant case.

The Court must construe the Responses liberally because Mr. Parris is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will treat the Responses as a Second Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Upon consideration of the Second Motion to Reconsider and the entire file, the Court again finds that Mr. Parris fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Although Applicant in the Second Motion to Reconsider provides evidence that he mailed a copy of the Court-approved 28 U.S.C. § 2254 application form on August 4, 2006, but used an incorrect address, he still did not attempt to inform this Court of the mistake until September 25, 2006, just two months shy of when he first sent the § 2254 application to the wrong address. He even asserted in the original Motion to Reconsider that he was waiting until the form was returned to him to forward it to this Court, indicating he knew prior to at the latest September 11 that he had submitted the application form to the wrong address. Yet, Applicant failed to inform this Court of his mistake until September 25. Therefore, the Court finds that Applicant has failed to assert any extraordinary circumstances that would merit relief under Rule 60(b).

The Court also notes that on Page Nine of the Court-approved 28 U.S.C. § 2254 application form that Applicant now has submitted as an attachment to his Response to Order and Judgment, he requests that he be allowed to withdraw without prejudice. The Court in essence has granted Applicant's request as the action has been dismissed **without prejudice** and Applicant may elect to file a new action if he so desires.

Furthermore, Mr. Parris is instructed that he is required to date the documents he files with the Court. Specifically, Applicant failed to date his Request for an enlargement of time and the § 2254 application form that he attached to the Response to Order and Judgment of Dismissal. Accordingly, it is

2

ORDERED that Applicant's Response to Order and Judgment of Dismissal and his Response to Order Denying Motion to Reconsider, both filed on October 23, 2006, are construed together as a Second Motion to Reconsider. It is

FURTHER ORDERED that the Second Motion to Reconsider is denied. It is

FURTHER ORDERED that Applicant's Request for an enlargement of time, filed October 23, 2006, is denied as moot.

DATED at Denver, Colorado, this __1__ day of ____Nov.____, 2006.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01351-BNB

Kenneth Parris
Prisoner No. 89572
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_\_11/2/06\_\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk